**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WILBERT L. JOHNSON**                                                                                     **PETITIONER**
**ADC #84494**

**VS.**                    **CASE NO.: 5:10CV00222 DPM/BD**

**RAY HOBBS, Director,**                                                                                   **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.    Introduction:**

Petitioner Wilbert L. Johnson, an inmate in the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) challenging his conviction and sentence in the Circuit Court of Pulaski County, Arkansas. Respondent Ray Hobbs filed a response (#6), and Mr. Johnson filed a supplement (#21) to his petition. For reasons that follow, the Court recommends that the District Court DISMISS the petition with prejudice.

**III.   Background:**

On April 22, 2008, a jury found Mr. Johnson guilty of breaking and entering, theft of property, and fleeing. Following the conviction, the Pulaski County Circuit Court sentenced Mr. Johnson to 180 months' imprisonment in the Arkansas Department of Correction. Mr. Johnson filed a direct appeal with the Arkansas Court of Appeals. The Court of Appeals affirmed the conviction on March 18, 2009, and issued the Mandate on April 7, 2009. Mr. Johnson did not request a review of that decision by the Supreme Court of Arkansas.

On April 3, 2009, Mr. Johnson filed a Rule 37 petition for post-conviction relief in the Circuit Court of Pulaski County. The Court denied and dismissed the Rule 37 petition on December 18, 2009. On January 6, 2010, Mr. Johnson appealed the dismissal to the Supreme Court of Arkansas, which affirmed on May 6, 2010. *Johnson v. State*, 2010 Ark. 217, 2010 WL 1838289 (Ark. 2010).

Mr. Johnson filed the federal petition for writ of habeas corpus on July 29, 2010, claiming that he was denied his rights to effective assistance of counsel, equal protection, and due process. In response to the petition, Mr. Hobbs contends that Mr. Johnson's claims are time-barred (#6).

IV.  **Discussion**:

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, a Pulaski County Circuit Court jury convicted Mr. Johnson on April 22, 2008. He appealed his conviction to the Arkansas Court of Appeals, which affirmed on March 18, 2009. Because Mr. Johnson did not seek discretionary review from the Supreme Court of Arkansas, his judgment became final when the Arkansas Court of Appeals issued its mandate on April 7, 2009. On that date, the one-year limitation period began to run. See *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (in the absence of a request for review by the state supreme court, statute of limitations begins to run when state court of appeals issues its mandate).

3

Mr. Johnson did not file this habeas petition until July 29, 2010. Accordingly, his claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

A.  *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). The limitations period remains tolled while the petition is pending. The post-conviction petition is deemed "pending" from the date of filing until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

This tolling provision is of no help to Mr. Johnson, however, because his state post-conviction petition was not "properly filed" under Arkansas law. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). Mr. Johnson filed his Rule 37 petition with the trial court before the Arkansas Court of Appeals had relinquished jurisdiction by issuing its mandate. Because of this, the petition was without legal effect and was not, therefore, "properly filed." See *Butler v. State*, 367 Ark. 318, 322, 239 S.W.3d 514, 517-518 (Ark.

2006) (trial court does not regain jurisdiction over a case until the mandate is issued; filing a Rule 37 petition in the trial court before issuance of a mandate "is of no effect").

The Supreme Court of Arkansas found that Mr. Johnson's Rule 37 petition was untimely filed. *Johnson*, 2010 Ark. at *1. When a state court determines the filing was untimely, that is the "end of the matter." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812 (2005) (quoting *Carey*, 536 U.S. at 226). A finding that Mr. Johnson's Rule 37 petition was untimely because it was filed too early may seem harsh, but under the law, the petition was not "properly filed." See *Artuz*, 531 U.S. at 8 (the "applicable laws and rules governing filings" include the time limits for filing). As a result of Mr. Johnson's premature filing, he is not entitled to statutory tolling. Thus, his claims are barred unless saved by equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner who invokes equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

In this case, Mr. Johnson has diligently pursued his rights. His only fault, in fact, was in filing his Rule 37 petition too soon. Mr. Johnson has not identified an extraordinary circumstance, however, that would trigger equitable tolling.

The Eighth Circuit Court of Appeals has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Specifically, Mr. Johnson's "misunderstanding of the proper procedures for filing a Rule 37 petition under Arkansas law" is not grounds for equitable tolling. *Id.* Accordingly, Mr. Johnson is not entitled to equitable tolling, and his federal petition is time-barred.

## V.   Conclusion:

Mr. Johnson's federal petition is time-barred. Accordingly, this Court recommends that the District Court DENY and DISMISS Wilbert L. Johnson's Petition for Writ of Habeas Corpus (#2), with prejudice.

DATED this 11th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE